**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **AUTRY LEE JONES** | § | |
| | § | |
| **v.** | § | **A-16-CV-643-LY** |
| | § | |
| **CRAIG HANDY, UNITED STATES** | § | |
| **PROBATION OFFICER** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner Autry Lee Jones's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(Dkt. No. 1) and the Government's Response to the Petition for Writ of Habeas Corpus (Dkt. No. 8). The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

In 1991, Jones was convicted by a jury of conspiracy to possess, and possession, with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) & 846. On October 21, 1991, United States District Judge James R. Nowlin sentenced Jones to life in prison and five years of supervised release on each count, to run concurrently, along with a $25,000 fine per count (or a total of $50,000) to be paid at the direction of the United States Probation Office. *See* Judgment in *United States v. Jones*, Case No. A-90-CR-177 JRN. On direct appeal the Fifth Circuit affirmed the conviction and sentence. *See United States v. Jones*, 1992 WL 366499 (5th Cir. Dec. 4, 1992). In July 1997, Jones

filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the District Court denied on December 16, 1997.  *See* Dkt. No. 102 in A-90-CR-177 JRN.  The Fifth Circuit dismissed Jones' appeal of the denial of his § 2255 as untimely and subsequently denied him permission to file a successive § 2255 motion.  *Id.* at Dkt. Nos. 109 and 127.

On February 6, 2012, the district judge reduced Jones' sentence from life imprisonment to 405 months.  *Id.* at Dkt. No. 165.  On December 17, 2014, the District Court further reduced the sentence to 327 months.  *Id.* at Dkt. No. 193.  Jones' $50,000 fine remained in place under both sentence reductions.  On December 30, 2015, Jones was released from prison and began serving his term of supervised release.  On March 22, 2016, the District Court granted the government's "Request for Modifying the Conditions or Term of Supervision" and ordered Jones "to make fine payments in the amount of at least $50 per month until he has paid the balance in full." *Id.* at Dkt. No. 198. Jones then filed this motion arguing that under 18 U.S.C. § 3613(b)(1), he is no longer required to pay off his $50,000 fine since it was imposed more than 20 years ago.[1]

## II.  ANALYSIS

At the time of Jones' sentencing in 1991, 18 U.S.C. § 3613(b) provided the following:

(b) Expiration of lien.– A lien becomes unenforceable and *liability to pay a fine expires*–

> (1) twenty years after the entry of the judgment; or
> (2) upon the death of the individual fined.

---

[1]The Court notes that Jones' challenge to his fine is properly brought under § 2241.  "A claim challenging the manner and execution of the collection of a fine should be brought in a habeas corpus petition under 28 U.S.C. § 2241 because the claim is a claim challenging the execution of a sentence." *United States v. Harris*, 388 F. App'x 385,386 (5th Cir. 2010) (citing *United States v. Diggs*, 578 F.3d 318, 319-20 (5th Cir. 2009)).

(emphasis added).  Although the statute was amended in 1996 by the AEDPA, so that the liability to pay now terminates "the later of 20 years from the entry of judgment or 20 years after release from imprisonment of the person fined," the amendment was not made retroactive. *United States v. McHan*, 2009 WL 1279130, at *1 (W.D.N.C. May 8, 2009).  Therefore, under the plain language of the statute in effect at Jones' sentencing, his "liability to pay a fine expires . . . twenty years after the entry of the judgment." *See United States v. Barlow*, 41 F.3d 935, 942 (5th Cir. 1994), *cert. denied*, 514 U.S. 1030 (1995) (when a statute "is clear and unambiguous . . . we apply that plain meaning to the facts before us").  The district judge sentenced Jones' on October 21, 1991. Dkt. No. 8-1.  Accordingly, Jones' liability to pay the fine in this case expired twenty years later, on October 21, 2011.[2]

While the government acknowledges that Jones' liability to pay his fine under the 1991 version of § 3613(b)(1) terminated on October 21, 2011, it nevertheless argues that this does not limit the Court's ability to require Jones to make payments toward the fine as part of his conditions of supervised release.  Rather, the government contends that the statute only circumscribes the United States' ability to pursue *civil* collection efforts against Jones for non-payment.  In other words, the government contends that while it is prohibited by the statute from suing Jones for non-

---

[2]*See United States v. Akinrosotu,* 637 F.3d 165, 168 (2nd Cir. 2011) (finding that pursuant to § 3613(b)(1), defendant's liability for the fine would expire on February 7, 2016, twenty years after the entry of judgment); *United States v. Ridgeway*, 489 F.3d 732, 735 (5th Cir. 2007) (under 18 U.S.C. § 3613(b)(1), liens used to collect fines expire after twenty years); *United States v. Febre*, 1992 WL 288321 at *5 (7th Cir. 1992) ("[u]nder, 18 U.S.C. § 3613(b), Febre's liability to pay the criminal fine expires twenty years after the entry of the original Ohio judgment."); *McHan*, 2009 WL 1279130, at *1 ("As a result, Defendant's liability to pay the fine in this case expires twenty years from the entry of judgment."); *United States v. Daniels,* 1997 WL 53122 at * 2, n. 2 (N.D. Tex. Feb. 5, 1997) (noting that "[a] lien becomes unenforceable and liability to pay a fine expires...twenty years after entry of judgment...").

payment, the Court is free to put him in jail for non-payment, at least as long as his supervised release term is in place.  Not surprisingly, the government cites no authority for this construction of § 3613, nor does it address the significant constitutional problems that it presents.  Indeed, the government's argument would permit a court to impose a condition of supervision that required a defendant to make payments to the government simply because the court thought such payments otherwise fit within the authority granted by 18 U.S.C. §§ 3583(d)(1) and 3553(a)(1) and (a)(2)(B)-(D), *even though the court had not imposed a fine in the case*.  If a defendant no longer has any obligation to pay a fine that may be enforced by law, nevertheless requiring payments on threat of incarceration cannot possibly be a proper exercise of a court's discretion in imposing supervised release conditions, and, as noted, it would raise significant Due Process (and likely other constitutional) concerns.  Finally, the government's suggestion that while the Attorney General may not collect the fine, the Probation Office may, because they are somehow two distinct entities, is also fallacious. Both are part and parcel of the United States, and vis-a-vis the defendant, both are acting under their authority granted by federal law as representatives of the United States.   The government's argument creates a distinction without a difference.

Because under the clear and unambiguous terms of § 3613(b)(1) Jones' legal obligation to pay the fine in his case ended in 2011, the requirement that he make payments toward the fine should be eliminated from his conditions of supervised release.

### III.  RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that the District Court **GRANT** Petitioner Autry Lee Jones's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1).  The Court **FURTHER RECOMMENDS** that the District Court enter an Order Modifying

the Conditions or Term of Supervision for Autry Lee Jones and eliminate the condition obligating him to make monthly fine payments toward the fine.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 7th day of October, 2016.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE